[Cite as *State v. Bryant*, 2020-Ohio-1175.]

STATE OF OHIO       )           IN THE COURT OF APPEALS
                        )ss:       NINTH JUDICIAL DISTRICT
COUNTY OF WAYNE      )

STATE OF OHIO                         C.A. No.       19AP0017

      Appellee

      v.                               APPEAL FROM JUDGMENT
                                 ENTERED IN THE
ANTHONY BRYANT               COURT OF COMMON PLEAS
                               COUNTY OF WAYNE, OHIO
      Appellant                 CASE No.     2018 CRC-I 000226

DECISION AND JOURNAL ENTRY

Dated: March 30, 2020

HENSAL, Judge.

{¶1}    Anthony Bryant appeals his convictions and sentence in the Wayne County Court of Common Pleas for two counts of gross sexual imposition ("GSI"). For the following reasons, this Court reverses.

I.

{¶2}    Five-year-old R.S. reported to her grandmother that Mr. Bryant had touched her private areas with his private area. R.S.'s mother took her to the Wayne County Child Advocacy Center for an interview the next day. Subsequent to that interview, the Grand Jury indicted Mr. Bryant for four counts of rape with sexually violent predator specifications, two counts of sexual battery with sexually violent predator specifications, and two counts of GSI with sexually violent predator specifications. The case proceeded to a trial before the bench. After R.S. did not testify to any penetration, the trial court dismissed the rape and sexual battery counts. It found Mr. Bryant guilty of the GSI counts, however, as well as the sexually violent predator specifications. The

court sentenced Mr. Bryant to five years of imprisonment for each count, which it ordered to run consecutively. Mr. Bryant has appealed, assigning six errors. This Court has reordered his assignments of error.

## II.

## ASSIGNMENT OF ERROR VI

BECAUSE THE EVIDENCE WAS INSUFFICIENT TO CONVICT MR. BRYANT OF TWO COUNTS OF GROSS SEXUAL IMPOSITION, ONE OF THE CONVICTIONS SHOULD BE REVERSED.

{¶3} In his sixth assignment of error, Mr. Bryant argues that the evidence was insufficient to convict him of two counts of GSI. Whether a conviction is supported by sufficient evidence is a question of law, which we review de novo. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). In making this determination, we must view the evidence in the light most favorable to the prosecution:

> An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

*State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus.

{¶4} Revised Code Section 2907.05(A)(4) provides that "[n]o person shall have sexual contact with another * * * when * * * [t]he other person * * * is less than thirteen years of age * * *." "'Sexual contact' means any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person." R.C. 2907.01(B).

{¶5}   During her interview at the child advocacy center, R.S. reported that Mr. Bryant had touched both her front and back private areas with his private area. At trial, however, she only testified that Mr. Bryant spit on her "pee pee" and then wiped his private on it.  During closing argument, the State continued to argue that one of the GSI counts related to the touching of R.S.'s front and one related to the back.  After reviewing the evidence, the trial court concluded that there were two instances of sexual contact, except it determined that they were "with saliva and with the penis[.]"

{¶6}   Mr. Bryant argues that R.S.'s testimony supports only one instance of sexual contact, which is when he allegedly wiped his penis on the exterior of R.S.'s vagina.  The issue, therefore, is whether spitting on someone's erogenous zones constitutes a "touching" under Section 2907.01(B).  "'Touching' is not defined in Chapter 29 of the Ohio Revised Code." *State v. Jones*, 2d Dist. Clark No. 2012-Ohio-CA-95, 2013-Ohio-3760, ¶ 16.  Accordingly, the "ordinary and natural definition" of the word applies. *State v. Brown*, 38 Ohio St.3d 305, 308 (1988); *State v. Jenkins*, 2d Dist. Miami No. 2000-CA-59, 2011 WL 848582, *5 (July 27, 2001).  The dictionary definition of "touch" includes "to bring a body part briefly into contact with so as to feel[,]" "to strike or push lightly:  extend the hand or foot or an implement so as to reach, nudge, stir up, inspect, [or] arouse[,]" "[a] light stroke, tap, or push[,]" or "the act or fact of touching, feeling, striking lightly, or coming in contact[.]"  Webster's Third New International Dictionary 2415-2416 (1993).

{¶7}   None of the definitions of "touching" reviewed by this Court or by the Second District Court of Appeals in *Jones* and *Jenkins* can be construed to include spitting on someone else. *Id*.; *Jones* at ¶ 16; *Jenkins* at *5.  The definitions all appear to include a requirement that part

of one person's body, or an implement attached to that person's body, come into contact with another person or object.

{¶8} Upon review of the record, we conclude that even if Mr. Bryant caused his saliva to fall upon R.S.'s pubic region when he spit on her, that act was not a "touching" sufficient to constitute sexual contact under Section 2907.01(B). The trial court, therefore, incorrectly determined that Mr. Bryant committed two separate acts of GSI under Section 2907.05(A)(4). Mr. Bryant's sixth assignment of error is sustained.

## ASSIGNMENT OF ERROR III

BECAUSE MR. BRYANT WAS PUNISHED TWICE FOR THE SAME OFFENSE, ONE OF THE CONVICTIONS SHOULD BE REVERSED.

{¶9} In his third assignment of error, Mr. Bryant argues that the trial court should not have punished him separately for each GSI count. In light of this Court's resolution of Mr. Bryant's sixth assignment of error, we conclude that this issue is moot, and it is overruled on that basis.

## ASSIGNMENT OF ERROR IV

BECAUSE COUNTS 7 AND 8 ARE CARBON-COPIES OF EACH OTHER, MR. BRYANT WAS DENIED DUE PROCESS.

{¶10} In his fourth assignment of error, Mr. Bryant argues that the GSI counts alleged in the indictment were duplicative. According to Mr. Bryant, because the State did not provide him with a bill of particulars, he did not receive adequate notice to prepare a defense and so one of the counts must be dismissed. In light of this Court's resolution of Mr. Bryant's sixth assignment of error, we conclude that this issue is moot, and it is overruled on that basis.

## ASSIGNMENT OF ERROR I

BECAUSE THE TRIAL COURT ARBITRARILY AND ERRENEOUSLY DISQUALIFIED RELEVANT, TRUSTWORTHY, AND ADMISSIBLE

EVIDENCE OF VICTIM FABRICATION, MR. BRYANT'S CONVICTION SHOULD BE REVERSED, AND THE CASE REMANDED FOR A NEW TRIAL.

**{¶11}** In his first assignment of error, Mr. Bryant argues that the trial court incorrectly excluded evidence that R.S. fabricated her testimony. "Admissibility determinations * * * generally fall within the sound discretion of the trial court." *State v. Tyler*, 9th Dist. Summit No. 29225, 2019-Ohio-4661, ¶ 23; *State v. Sage*, 31 Ohio St.3d 173, 180 (1987). An abuse of discretion occurs when the court's decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

**{¶12}** Mr. Bryant notes that R.S.'s mother testified on cross-examination that R.S. had told her that the sexual contact never happened and that R.S.'s grandmother had told R.S. to say that it had happened. He notes that the trial court initially allowed the testimony over the objection of the State. The next day, however, when the State attempted to present evidence to bolster R.S.'s testimony, the court told the State that the testimony about R.S.'s grandmother telling R.S. to fabricate the allegations was not in the case. The trial court recounted that, after the State objected, it had allowed Mr. Bryant's counsel to proceed a little while and then started examining the witness on its own before finally sustaining the objection and not allowing the accusation that R.S. had made up her testimony or that the grandmother had told her to accuse Mr. Bryant.

**{¶13}** Mr. Bryant argues, and the State concedes, that the trial court mistakenly interchanged the ruling it had made the previous day regarding whether R.S. fabricated the allegations with a ruling it had made regarding whether R.S.'s grandmother knew that Mr. Bryant was a registered sexual offender. Unlike when the trial court ruled on the sexual-offender-knowledge issue, the trial court did not ask R.S.'s mother any questions with respect to her testimony that R.S. had made up the allegations and that R.S.'s grandmother had influenced her to

make them up. Another indication that the trial court confused the two rulings is the fact that it had sustained the State's objection regarding the grandmother's knowledge of Mr. Bryant's offender status but had overruled the State's objection during R.S.'s mother's testimony.

{¶14} The State argues that Mr. Bryant forfeited his argument because he did not object when the trial court changed its ruling on the admissibility of R.S. mother's testimony. Evidence Rule 103(A)(1) provides that "[e]rror may not be predicated upon a ruling which admits or excludes evidence unless * * * a timely objection * * * appears of record * * *." We do not believe that rule applies in this instance in which the court mistakenly recalled a ruling it made earlier in the proceedings. Furthermore, although the court later answered "[r]ight" when the prosecutor asked whether "the court is ruling that it's not considering [mother's] testimony yesterday talking about [R.S.] saying in her presence that this never happened and [grandmother] put her up to saying it[,]" the exchange occurred after the court had already announced that it was in recess for the day. Accordingly, we cannot say that Mr. Bryant was required to object to the trial court's statement.

{¶15} R.S.'s mother's testimony that R.S. had told her that the sexual contact did not happen and that R.S.'s grandmother told her to say that it occurred was admissible because it was relevant evidence. Evid.R. 401; Evid.R. 402. Specifically, R.S.'s mother's testimony tended to make it less probable that Mr. Bryant had, in fact, improperly touched R.S. Evid.R. 401. Upon review of the record, we conclude that the trial court's decision to admit the testimony but later state that it was not going to consider the testimony and assert that it was "not in the case" because of its confusion over what it had ruled the previous day was arbitrary and constituted an abuse of the trial court's discretion with respect to evidentiary decisions.

{¶16}   The State argues that the trial court's error was harmless because there were issues regarding the credibility of R.S.'s mother and because the allegations were supported by R.S.'s testimony under oath in court and the statements she made previously during her interview at the child advocacy center.   Criminal Rule 52(A) provides that "[a]ny error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded." *See also* R.C. 2945.83(C). The State has the burden of proving that an error did not affect the rights of the defendant. *State v. Morris*, 141 Ohio St.3d 399, 2014-Ohio-5052, ¶ 23.

{¶17}   The State argues that R.S. was able to draw a picture of what Mr. Bryant did to her at the child advocacy center without prompting.  She was also specifically asked at trial whether she had ever told anyone that it did not happen and answered "[n]o."  R.S. also denied at trial that her grandmother had told her to say it happened.  On the other hand, R.S.'s mother told Mr. Bryant a few months after the allegations that they are "ride or die," meaning that she will love him forever.  The State notes that, following R.S.'s accusation, R.S.'s mother had R.S. spend the night at her grandmother's while she spent the night with Mr. Bryant.  It notes that R.S.'s mother collected bond money for Mr. Bryant's release and offered to move her and R.S. into a shelter so that Mr. Bryant could have a place to stay if he was released on bond.   R.S.'s mother also never told the law enforcement officers that she had spoken to about the case about R.S.'s alleged fabrication.  The State also argues that, even though the trial court found that R.S. gave "extremely inconsistent statements," it still found the elements of GSI proven beyond a reasonable doubt.

{¶18}   There was no physical evidence that established that Mr. Bryant had sexual contact with R.S.  R.S.'s testimony was the only direct evidence that the offenses occurred and her "extremely inconsistent statements" about what happened were, in fact, what convinced the trial court to acquit Mr. Bryant of the rape and sexual battery offenses.  If the trial court had considered

R.S.'s mother's testimony that R.S. told her that the incident did not occur, it may have also altered its conclusion that the State had established Mr. Bryant's guilt of GSI beyond a reasonable doubt. Accordingly, upon review of the record, we conclude that Mr. Bryant may have been prejudiced by the trial court's error and that the State has failed to demonstrate that the error was harmless beyond a reasonable doubt. *See id*. at ¶ 27-28; *State v. Harris*, 142 Ohio St.3d 211, 2015-Ohio-166, ¶ 39 (concluding that admission of evidence was not harmless beyond a reasonable doubt because there was a reasonable possibility it contributed to the convictions). Mr. Bryant's first assignment of error is sustained.

## ASSIGNMENT OF ERROR II

BECAUSE DEFENSE COUNSEL PROVIDED INEFFECTIVE ASSISTANCE IN NOT OBJECTING TO THE TRIAL COURT'S DISQUALIFICATION OF RELEVANT TESTIMONY OF THE VICTIM'S FABRICATION OF THE CHARGES, MR. BRYANT'S CONVICTION SHOULD BE REVERSED AND THE CASE REMANDED FOR A NEW TRIAL.

{¶19} In his second assignment of error, Mr. Bryant argues that his trial counsel provided ineffective assistance when he did not object to the trial court's statement that R.S.'s mother's testimony that R.S. had stated that the sexual contact did not occur and that her grandmother had told her to say it had occur was "not in the case." In light of this Court's resolution of Mr. Bryant's first assignment of error, we conclude that this issue is moot, and it is overruled on that basis.

## ASSIGNMENT OF ERROR V

BECAUSE THE TRIAL COURT'S JUDGMENT ON COUNTS 7 AND 8 WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, THE CONVICTIONS SHOULD BE REVERSED AND THE CASE RETRIED.

{¶20} In his fifth assignment of error, Mr. Bryant argues that his convictions are against the manifest weight of the evidence. In light of this Court's resolution of Mr. Bryant's first

assignment of error, we conclude that Mr. Bryant's argument is moot, and it is overruled on that basis.

III.

{¶21} Mr. Bryant's first and sixth assignments of error are sustained. His second, third, fourth, and fifth assignments of error are moot. The judgment of the Wayne County Court of Common Pleas is reversed, and this matter is remanded for further proceedings consistent with this decision.

Judgment reversed,<br>and cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

JENNIFER HENSAL
FOR THE COURT

TEODOSIO, P. J.
CONCURS.

CARR, J.
CONCURRING IN PART, AND DISSENTING IN PART.

{¶22} I concur with respect to the majority's resolution of assignments of error three, four, and six. I concur in the majority's judgment that assignments of error two and five are properly overruled; however, I would address those assignments of error on the merits. With respect to assignment of error one, addressing the admissibility of R.S.'s mother's testimony, I respectfully dissent from the judgment of the majority as I would overrule the assignment of error.

{¶23} In the trial court, Bryant asserted only that the R.S.'s mother's testimony was admissible for purposes of impeachment. On appeal, Bryant does not develop any argument related to impeachment or cite to Evid.R. 613(B). I would decline to develop an argument for him. Instead, on appeal, Bryant argues that the failure to allow the testimony violated his right to due process and that the evidence was relevant, citing Evid.R. 401 and 402. In addition, Bryant asserts that evidence of fabrication of rape charges is also admissible. As Bryant did not make the arguments he now makes on appeal in the trial court, I would conclude that he forfeited them. Further, because he has not argued plain error on appeal, I would overrule his assignment of error on that basis. *State v. Briggs*, 9th Dist. Wayne Nos. 18AP0008, 18AP0023, 2019-Ohio-5290, ¶ 31.

APPEARANCES:

EDWARD R. LA RUE, Attorney at Law, for Appellant.

DANIEL R. LUTZ, Prosecuting Attorney, and ANDREA D. UHLER, Assistant Prosecuting Attorney, for Appellee.