[Cite as *State v. Bryant*, 2021-Ohio-2806.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No. 20AP0039 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| ANTHONY BRYANT | COURT OF COMMON PLEAS COUNTY OF WAYNE, OHIO |
| Appellant | CASE No. 2018 CRC-I 000226 |

DECISION AND JOURNAL ENTRY

Dated: August 16, 2021

SUTTON, Judge.

{¶1} Defendant-Appellant Anthony Bryant appeals the judgment of the Wayne County Court of Common Pleas. For the reasons that follow, this Court affirms.

I.

**Relevant Background Information**

{¶2} By way of this Court's decision in *State v. Bryant*, 9th Dist. Wayne No. 19AP0017, 2020-Ohio-1175, ¶ 2, ("*Bryant I*"), the relevant facts are:

Five-year-old R.S. reported to her grandmother that Mr. Bryant had touched her private areas with his private area. R.S.'s mother took her to the Wayne County Child Advocacy Center for an interview the next day. Subsequent to that interview, the Grand Jury indicted Mr. Bryant for four counts of rape with sexually violent predator specifications, two counts of sexual battery with sexually violent predator specifications, and two counts of [gross sexual imposition] GSI with sexually violent predator specifications. The case proceeded to a trial before the bench. After R.S. did not testify to any penetration, the trial court dismissed the rape and sexual battery counts. It found Mr. Bryant guilty of the GSI counts, however, as well as the sexually

violent predator specifications. The court sentenced Mr. Bryant to five years of imprisonment for each count, which it ordered to run consecutively.[1]

In our resolution of *Bryant I*, this Court sustained Mr. Bryant's sixth assignment of error regarding insufficient evidence to prove two GSI counts against him. In so doing, we reasoned that the trial court erred in determining the act of spitting on R.S.'s vagina constituted "touching" pursuant to R.C. 2907.01(B). *Id*. at ¶ 8. Further, we sustained Mr. Bryant's first assignment of error which challenged the exclusion of R.S.'s mother's testimony that R.S. "told her that the sexual contact never happened and that R.S.'s grandmother had told R.S. to say that it had happened." *Id.* at ¶ 12. This Court explained:

> [Mr. Bryant] notes that the trial court initially allowed [R.S.'s mother's] testimony over the objection of the State. The next day, however, when the State attempted to present evidence to bolster R.S.'s testimony, the court told the State that the testimony about R.S.'s grandmother telling R.S. to fabricate the allegations was not in the case. The trial court recounted that, after the State objected, it had allowed Mr. Bryant's counsel to proceed a little while and then started examining the witness on its own before finally sustaining the objection and not allowing the accusation that R.S. had made up her testimony or that the grandmother had told her to accuse Mr. Bryant.

*Id.* The State conceded, "the trial court mistakenly interchanged the ruling it had made the previous day regarding whether R.S. fabricated the allegations with a ruling it had made regarding whether R.S.'s grandmother knew that Mr. Bryant was a registered sexual offender." *Id.* at ¶ 13. As such, this Court concluded Mr. Bryant "may have been

---

[1] The sexually violent predator specifications enhanced Mr. Bryant's consecutive sentence from ten years to ten years to life.

prejudiced by the trial court's error" in excluding the testimony and remanded to the trial court for further proceedings. [2] *Id*. at ¶ 18.

## Remand to Trial Court

{¶3}    Upon remand, Mr. Bryant filed a motion to dismiss the indictment alleging a new trial would violate his Fifth Amendment right to double jeopardy protection and the indictment was insufficient to uphold the tenets of due process because it failed to provide him adequate notice about the charges against him.  In making these arguments, Mr. Bryant primarily relied upon a Sixth Circuit Court of Appeals decision, *Valentine v. Konteh*, 395 F.3d 626 (6th Cir.2005), to challenge the sufficiency of the indictment, as well as two Eighth District Court of Appeals decisions, *State v. Ogle*, 8th Dist. Cuyahoga No. 87695, 2007-Ohio-5066, and *State v. Apanovitch*, 8th Dist. Cuyahoga Nos. 102618, 102698, 2016-Ohio-2831.  Notably, Mr. Bryant alleged in his motion that, in spite of his request, the State "refused" to provide him with a bill of particulars.

{¶4}    The State, however, revealed that while Mr. Bryant requested a bill of particulars on July 9, 2018, he later communicated through counsel, on August 30, 2018, after receiving the State's discovery responses, the bill of particulars was "[n]ot necessary." Further, the State distinguished this matter from the cases cited by Mr. Bryant and argued the reasoning in *Valentine*, *supra*, has been discredited by subsequent Sixth Circuit decisions and the Supreme Court of the United States in *Renico v. Lett*, 559 U.S. 766

---

[2] Mr. Bryant's second, third, fourth, and fifth assignments of error regarding ineffective assistance of trial counsel, separate punishments for each GSI count, denial of due process based upon "carbon-copy" GSI counts in the indictment, and manifest weight of the evidence were deemed moot.

(2010). Finally, the State urged the trial court to deny Mr. Bryant's motion because "one viable count of [g]ross [s]exual [i]mposition," supported by evidence of either vaginal or anal contact, remained without violating Mr. Bryant's constitutional protection against double jeopardy.

### The Judgment Entry

{¶5}     On October 20, 2020, the trial court issued a judgment entry granting in-part, and denying in-part, Mr. Bryant's motion to dismiss the indictment. In so doing, the trial court reasoned:

* * *

It is undisputed that [Mr. Bryant] cannot be retried on the rape and sexual battery counts (Counts I-VI) as he has been acquitted of these charges.

The [c]ourt reaches a similar conclusion with respect to one of the two GSI counts. *The Ninth District's opinion reversed one of the counts following an insufficient evidence review.* * * * *Such a finding is determinative for double jeopardy purposes.* * * * The State's attempt to proceed on an alternate theory of criminal culpability (anal contact), which the [c]ourt implicitly rejected during the prior bench trial, is not persuasive. * * *

The sole remaining GSI count relates to the allegation of vaginal contact (that [Mr. Bryant] caused his penis to make contact with R.S.'s vagina). *The Ninth District did not address the sufficiency of proof for this count but instead found there to be a procedural error regarding the admission of evidence that necessitated a new hearing.*

* * *

As an initial matter, the [c]ourt notes that [Mr. Bryant's] concerns regarding the indictment's lack of specificity between the carbon-copy counts could have been addressed through a bill of particulars. * * * *The record reflects that while [Mr. Bryant] initially made such a request, he ultimately withdrew it after receiving discovery[.] * * * In doing so, [Mr. Bryant] waived any objections regarding the allegedly defective indictment.* * * *

In sum, the [c]ourt previously determined that the State failed to prove beyond a reasonable doubt any form of anal contact as well as any form of vaginal or anal intercourse during the January 13, 2018 [] incident. "The Double Jeopardy Clause forbids a second trial for the purpose of affording the prosecution another opportunity to supply evidence which it failed to muster in the first proceeding" regarding these factual occurrences. * * * These determinations resulted in an acquittal of Counts I-VI and, in conjunction with the Ninth District's ruling that spitting does not amount to sexual contact, an acquittal of one of the two GSI counts. *The sole remaining GSI count, the factual basis for which was clearly delineated during all parts of the prior proceeding (that [Mr. Bryant] contacted R.S.'s vagina with his penis), was remanded by the Ninth District in light of a trial error during the prior proceeding. There are no double jeopardy concerns with allowing the State to proceed with a retrial on this remaining count.*

* * *

(Internal citation omitted.) (Emphasis added.) The trial court also distinguished the present matter from *Valentine*, *supra*, in that the "[c]ourt based its judgment as to each count on separate factual allegations regarding this single incident." Thus, unlike *Valentine*, where the carbon copy indictments were indistinguishable based upon the entirety of the record, "there was some minimal differentiation between the counts at some point in the proceeding." (Internal quotations and citations omitted.)

{¶6} It is from this judgment entry Mr. Bryant appeals raising five assignments of error. To facilitate our analysis, we have re-ordered and grouped certain assignments of error.

II.

### ASSIGNMENT OF ERROR V

**BECAUSE THE TRIAL COURT DID NOT AMEND THE INDICTMENT PURSUANT TO OHIO RULE OF CRIMINAL PROCEDURE 7(D) AND BECAUSE SPITTING DOES NOT CONSTITUTE THE INDICTED CHARGE IT CANNOT BE THE CASE THAT THE ACT OF SPITTING ON R.S.'S VAGINA WAS**

**CHARGED IN THE SAME COUNT OF THE INDICTMENT AS THE ACT OF TOUCHING R.S.'S ANUS.**

{¶7} As a preliminary matter, in his fifth assignment of error, Mr. Bryant argues the trial court erred in failing to amend the indictment, pursuant to Crim.R. 7(D), "to include or join the act of spitting on R.S.'s vagina with any other act of touching." This argument does not implicate double jeopardy, but instead addresses an alleged trial court error.

{¶8} "Generally, a denial of a motion to dismiss in a criminal or civil case is not considered a final appealable order because the case will proceed to trial. If an adverse judgment is rendered, the denial of the motion to dismiss may be an assignment of error on [direct] appeal." *State v. Hartman*, 9th Dist. Medina No. 15CA0090-M, 2017-Ohio-1089, ¶ 11, quoting *In re S.H.*, 5th Dist. Guernsey No. 10CA000023, 2010-Ohio-5741, ¶ 19. However, the Supreme Court of Ohio "has carved out a narrow exception to this rule where the criminal defendant asserts that he or she has previously been placed in jeopardy for the offense that is the subject of the new indictment." *Hartman* at ¶ 11, quoting *State v. Mitchell*, 8th Dist. Cuyahoga No. 104314, 2017-Ohio-94, ¶ 12, fn. 2, citing *State v. Anderson*, 138 Ohio St.3d 264, 2014-Ohio-542, ¶ 61 ("[A]n order denying a motion to dismiss on double-jeopardy grounds is a final, appealable order."). Thus, this Court's review of the trial court's resolution of Mr. Bryant's motion to dismiss is "strictly limited" to the double jeopardy issues raised therein. *Hartman* at ¶ 11.

{¶9} Based upon the foregoing, the argument contained in Mr. Bryant's fifth assignment of error regarding the alleged failure of the trial court to amend the indictment

to include the "act of spitting," does not address double jeopardy. Therefore, this Court is without jurisdiction to presently consider this assignment of error.

{¶10} Accordingly, Mr. Bryant's fifth assignment of error is dismissed.

### ASSIGNMENT OF ERROR I

**BECAUSE IT IS IMPOSSIBLE TO DETERMINE IF THE SPITTING COUNT THAT WAS REVERSED [ON APPEAL FOR] INSUFFICIENCY OF THE EVIDENCE WAS COUNT SEVEN, OR COUNT EIGHT, AND IT IS IMPOSSIBLE TO DETERMINE IF THE ANAL CONTACT COUNT THAT MR. BRYANT WAS ACQUITTED OF AT TRIAL WAS COUNT SEVEN, OR COUNT EIGHT, A RETRIAL WOULD VIOLATE DOUBLE JEOPARDY[.]**

### ASSIGNMENT OF ERROR II

**BECAUSE THE STATE CHARGED MR. BRYANT WITH TWO COUNTS OF GSI, AND HE HAS BEEN ACQUITTED OF TWO COUNTS OF GSI, ANY RETRIAL WOULD VIOLATE HIS RIGHT TO NOT BE PLACED IN DOUBLE JEOPARDY[.]**

### ASSIGNMENT OF ERROR IV

**THE TRIAL COURT ERRED IN FINDING THAT THE RECORD IN THIS CASE ESTABLISHES WHAT SPECIFIC ACTS WERE CHARGED IN COUNT SEVEN AND COUNT EIGHT[. ]**

{¶11} In his first, second, and fourth assignments of error, Mr. Bryant largely relies upon *Valentine*, *supra*, in arguing a retrial on the remaining GSI count, that Mr. Bryant caused his penis to touch R.S.'s vagina, violates double jeopardy because of the State's use of carbon-copy indictments. We disagree.

**Sufficiency of Indictment in Ohio**

{¶12}  In *Coles v. Smith*, 577 Fed.Appx. 502, 506 (6th Cir.2014), the Sixth Circuit Court of Appeals aptly explained the application of the Fifth and Sixth Amendments to the United States Constitution, to the states, as follows:

> The Fifth Amendment provides that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a grand jury[.]"  A federal grand jury indictment may use the words of a statute to generally describe the offense, "but it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific [offense], coming under the general description, with which he is charged."

> The Supreme Court has not applied to the States the Fifth Amendment's requirement that all prosecutions begin with a grand jury indictment.  The Court has applied the Sixth Amendment to the States through the Fourteenth Amendment.  The Sixth Amendment provides in part that "[i]n all criminal prosecutions, the accused shall enjoy the right [] to be informed of the nature and cause of the accusation."  "No principle of procedural due process is more clearly established than that notice of the specific charge, and a chance to be heard in a trial of the issues raised by that charge, if desired, are among the constitutional rights of every accused in a criminal proceeding in all courts, state or federal."  A defendant "cannot incur the loss of liberty for an offense without notice and a meaningful opportunity to defend."

(Internal citations omitted.)

{¶13}  Thus, the Ohio General Assembly codified the framework of a sufficient indictment, in R.C. 2941.05, as follows:

> In an indictment or information charging an offense, each count shall contain, and is sufficient if it contains in substance, a statement that the accused has committed some public offense therein specified.  Such statement may be made in ordinary and concise language without any technical averments or any allegations not essential to be proved.  *It may be in the words of the section of the Revised Code describing the offense or declaring the matter charged to be a public offense, or in any words sufficient to give the accused notice of the offense of which he is charged.*

(Emphasis added.) Indeed, "[b]y compelling the government to aver all material facts constituting the essential elements of an offense, an accused is afforded with adequate notice and an opportunity to defend." *State v. Sellards*, 17 Ohio St.3d 169, 170 (1985). However, pursuant to R.C. 2941.07, "[u]pon written request of the defendant made not later than five days prior to the date set for trial, or upon order of the court, the prosecuting attorney shall furnish a bill of particulars setting up specifically the nature of the offense charged and the conduct of the defendant which is alleged to constitute the offense." Thus, "[a]n accused is not foreclosed from securing specificity of detail" which may be lacking in the indictment itself. *Sellards* at 171.

### Double Jeopardy

{¶14} Furthermore, the Double Jeopardy Clauses of the Fifth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution prohibit a criminal defendant from being tried twice for the same offense. *State v. Pendleton*, 163 Ohio St.3d 114, 2020-Ohio-6833, ¶ 8. "We apply the same analysis to claims brought under the federal and Ohio Double Jeopardy Clauses because we have recognized that '[t]he protections afforded by the two Double Jeopardy Clauses are coextensive.'" *State v. Anderson*, 148 Ohio St.3d 74, 2016-Ohio-5791, ¶ 31, quoting *State v. Brewer*, 121 Ohio St.3d 202, 2009-Ohio-593, ¶ 14, quoting *State v. Martello*, 97 Ohio St.3d 398, 2002-Ohio-6661, ¶ 7. "When a case is reversed on the basis of trial error, such as the improper receipt or rejection of evidence, the Double Jeopardy Clause does not prohibit retrial 'where the evidence offered by the State and admitted by the trial court-whether erroneously or not-

would have been sufficient to sustain a guilty verdict.'" *State v. Vanni*, 9th Dist. Medina No. 08CA0023-M, 2009-Ohio-2295, ¶ 14, quoting *State v. Brewer*, 121 Ohio St.3d 202, 2009-Ohio-593, ¶ 17. Further, "[a]ppellate courts apply a de novo standard of review when reviewing the denial of a motion to dismiss an indictment on the grounds of double jeopardy." *Anderson* at ¶ 20.

### The *Valentine* Decision

{¶15} In *State v. Just*, 9th Dist. Wayne No. 12CA0002, 2012-Ohio-4094, ¶ 8, this Court summarized the *Valentine* decision as follows:

> In *Valentine*, the Sixth Circuit determined that the State had obtained Valentine's convictions in violation of his due process rights, *based on a generic indictment that failed to differentiate between twenty counts of child rape and twenty counts of felonious sexual penetration. Valentine*, 395 F.3d at 628-629. The Sixth Circuit noted that the counts in Valentine's indictment were *identically worded and that the State failed to distinguish the factual bases of the charges in either a bill of particulars or at trial. Id*. at 628-629. Moreover, all of the offenses occurred within the same date range. *Id*. Because of the complete lack of distinction between the counts, the Sixth Circuit reasoned, Valentine "could only successfully defend against some of the charges by effectively defending against all of the charges" and it would be "incredibly difficult" for the jury to consider each count independently, as they arose from indistinguishable incidents. *Id*. at 633-634. Accordingly, the court concluded that a due process violation had occurred and vacated all of Valentine's convictions, save for one count of rape and one count of felonious sexual penetration. *Id*. at 638-639. In so holding, however, the Sixth Circuit cautioned that "*the constitutional error in this case is traceable not to the generic language of the individual counts of the indictment but to the fact that there was no differentiation among the counts*." *Id*. at 636. The court specified that "[t]he due process problems in the indictment might have been cured had the trial court insisted that the prosecution delineate the factual bases for the forty separate incidents either before or *during* the trial." *Id*. at 634.

(Emphasis added.)

{¶16} Importantly, in *Coles*, the Sixth Circuit Court of Appeals aptly warned against courts relying upon *Valentine's* reasoning, stating:

> The *Valentine* court based its legal reasoning on Supreme Court cases applicable to federal indictments[.] Two of those cases, *DeVonish* and *Fawcett*, were decided before AEDPA [the Antiterrorism and Effective Death Penalty Act of 1996] was enacted in 1996, while *Isaac* and *Parks*-and *Valentine* itself-were decided before the Supreme Court issued *Renico* in 2010. In light of *Renico's* admonition that "clearly established Federal law" means relevant Supreme Court precedent and not circuit court opinions, and because "no Supreme Court case has ever found the use of identically worded and factually indistinguishable [state] indictments unconstitutional," we doubt our authority to rely on our own prior decision-*Valentine*-to "independently authorize habeas relief under AEDPA."

*Coles*, 577 Fed.Appx. 502, 507.

{¶17} Further, our sister Court, the Seventh District Court of Appeals, has declined to follow *Valentine*, stating:

> As we recently stated in *Miller*, this court does not follow *Valentine*. This type of argument would improperly protect a defendant who committed multiple instances of the same offense against a child in his care. Contrary to the *Valentine* majority's claim, there is no indication the jury would believe its finding of guilt on one count of child endangering would require a conviction on another count of child endangering merely because it contained the same elements and the same date range. Furthermore, the Sixth Circuit does not rely on *Valentine* as precedent.

(Internal citations and quotations omitted.) *State v. Thomas*, 7th Dist. Mahoning No. 18 MA 0025, 2020-Ohio-633, ¶ 16.

## **Application of Relevant Law to the Record**

{¶18} In the present matter, the record shows Mr. Bryant was indicted pursuant to R.C. 2907.05 (A)(4) for GSI in Counts 7 and 8, which are identically worded, as follows:

> On or about January 13, 2018, [Mr. Bryant] did have sexual contact with R.S.
> [], not his spouse, when R.S. [], was less than thirteen years of age, whether
> or not the offender knew the age of that person.

The language in Counts 7 and 8 of the indictment mirrors the language in R.C. 2907.05 (A)(4) as to the required elements of GSI.[3] Notably, at oral argument, Mr. Bryant's counsel minimized his reliance on *Valentine* and conceded the sufficiency of this indictment, acknowledging that carbon-copy indictments are not fatally flawed. Therefore, in accordance with R.C. 2941.05, this indictment is sufficient under Ohio law.

{¶19} Further, although Mr. Bryant initially requested a bill of particulars, pursuant to R.C. 2941.07, he later indicated through counsel, after receiving the State's discovery responses, that the bill of particulars was no longer necessary. The record shows the State provided Mr. Bryant with discovery, per its ongoing obligation to do so, on June 8, 2018, August 8, 2018, August 28, 2018, September 26, 2018, and October 2, 2018. Logically, if Mr. Bryant had any remaining questions or concerns about the nature of the allegations against him for rape, sexual battery, or GSI, he could have responded differently when asked whether, if in light of the State's discovery responses, he still wanted the State to provide a bill of particulars. However, in responding that a bill of particulars was no longer necessary, Mr. Bryant forfeited the argument that the State *failed* to provide a bill of particulars to further elucidate the specific details surrounding the GSI allegations in Counts 7 and 8.

---

[3] R.C. 2907.05 (A)(4) states, in relevant part: "[n]o person shall have sexual contact with another, not the spouse of the offender * * * when any of the following applies: The other person * * * is less than thirteen years of age, whether or not the offender knows the age of that person."

{¶20} Moreover, at trial, R.S., a six-year-old victim, testified as to Mr. Bryant's distinct and separate actions toward her as follows:

* * *

A. [Mr. Bryant] told me to take my clothes off and I'm laying down on the bed and then, he spitted on my bad part and wiped his bad part on me.

Q. And when you say his bad part, what do you mean by that, what part of his body is that?

A. His private.

* * *

Q. And what's your bad part called?

A. Pee pee.

* * *

Q. And where did the spit come from?

A. His mouth.

Q. His mouth and you're pointing to your mouth and [], you said his bad part of his private went on your pee pee, wiped it on your pee pee?

A. Yes.

Q. Did it ever go in your pee pee?

A. No.

Q. Okay and when you say on it, were your clothes on your body or down or off your body?

A. Off.

Q. And how did that make you feel when [Mr. Bryant] did that?

A. Sad.

Q. Did he say anything to you when he did that?

A. Yeah, don't cry.

Q. Were you crying?

A. Yes.

Q. Why were you crying?

A. Because, it hurted.

\* \* \*

**{¶21}** Based upon R.S.'s testimony alone, the sole remaining GSI count, Mr. Bryant causing his penis to make contact with R.S.'s vagina, is clearly distinct from all other counts argued at trial. Thus, even if *Valentine's* reasoning was binding upon this Court, in spite of the myriad issues delineated above, this matter, similar to *Just*, *supra*, and *State v. Sowell*, 148 Ohio St.3d 554, 2016-Ohio-8025, is factually different from *Valentine*. *See State v. Burnett*, 93 Ohio St.3d 419, 424 ("[W]e are not bound by rulings on federal statutory or constitutional law made by a federal court other than the United States Supreme Court.")

**{¶22}** In *Just* at ¶ 9, this Court distinguished *Valentine* because the child victim "described the instances of abuse as having occurred at distinct locations[,]" and although the child victim, "could not specifically recall when the abuse occurred, she described the location of the abuse and other circumstances surrounding it in detail." *Id*. Therefore, we determined, "[u]nlike *Valentine*, the State delineated between the counts." *Id*. Moreover, in *Sowell* at ¶ 123, quoting *Valentine* at 637, the Supreme Court of Ohio distinguished *Sowell* from *Valentine*, because the *Sowell* record did "not leave the court 'unable to discern the evidence that supports each individual conviction.'" The *Sowell* Court explained:

This case is factually distinguishable from *Valentine*. First, instead of two sets of 20 identically phrased charges, this case presents two sets of two identically phrased charges. Moreover, each set of identical counts in this case alleges that the rapes took place on specifically identified dates, rather than over a period of eight and one-half months as in *Valentine*. And the state's evidence at trial showed that four specific, different acts of rape took place: two against [Ms.] Billups and two against [Ms.] Morris. [Ms.] Billups testified at trial that [Mr.] Sowell raped her twice on September 22, 2009, and [Ms.] Morris testified that [Mr.] Sowell raped her twice on October 20, 2009.

*Sowell* at ¶ 122.

{¶23} Here, the indictment was for one specific date, January 13, 2018, instead of a range of dates like in *Valentine*. Moreover, if Mr. Bryant actually had any remaining questions regarding the specificity of the counts alleged against him, subsequent to receiving the State's discovery responses, he could have not withdrawn his request for a bill of particulars. Further, based upon the testimony at trial, specifically from R.S., the trial court can very easily discern the evidence supporting the sole remaining GSI count against Mr. Bryant. The record, in its entirety, also shows that Mr. Bryant had notice and a meaningful opportunity to defend himself against the indicted charges. *See Coles v. Smith*, 577 Fed.Appx. 502, 506. Therefore, in retrying Mr. Bryant on the sole remaining GSI count, that Mr. Bryant caused his penis to touch R.S.'s vagina, due to an error at trial, Mr. Bryant is not subjected to double jeopardy.

{¶24} Accordingly, Mr. Bryant's first, second, and fourth assignments of error are overruled.

### ASSIGNMENT OF ERROR III

**THE TRIAL COURT'S RULING THAT THE SPITTING WAS CHARGED IN THE SAME COUNT AS THE ANAL CONTACT WAS**

**ARBITRARY, CAPRICIOUS, AND UNSUPPORTED BY EITHER THE RECORD OR ANY EVIDENCE, THE TRIAL COURT ERRED IN DENYING THE MOTION TO DISMISS[.]**

{¶25} In his third assignment of error, Mr. Bryant argues the trial court wrongly determined Mr. Bryant's alleged conduct of spitting and touching R.S.'s anus was charged in the same count, or in a "duplicitous" count. We are not persuaded by this argument.

{¶26} The record reveals, in spite of Mr. Bryant's assertions otherwise, the trial court did *not* actually determine the alleged conduct of spitting and touching R.S.'s anus was charged in the same count, or in a duplicitous count, in the indictment. Instead, the trial court merely explained that its act of sua sponte considering the act of spitting as independently meeting the requirements for one of the GSI counts, is "*analogous* to the situation where two or more distinct and separate offenses are changed under a single count (i.e., a 'duplicitous count')." (Emphasis added.) Additionally, the trial court explained that, so long as a "trier of fact independently and separately considers both offenses[,]" duplicitous counts "do not pose double jeopardy concerns." In so doing, the trial court stated, "[t]hat is exactly what happened here." The trial court independently and separately considered Mr. Bryant's *conduct* of spitting and touching R.S.'s vagina with his penis as separate and distinct acts.

{¶27} Further, the record supports that Mr. Bryant was indicted on *two* counts of GSI and convicted of *two* counts of GSI for spitting and touching R.S.'s vagina with his penis. As Mr. Bryant has argued, Counts 7 and 8 in the indictment did not specify the details of Mr. Bryant's *sexual contact* with the victim, which R.C. 2907.01 (B) defines as, "touching of an erogenous zone of another, including without limitation the thigh, genitals,

buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person." Upon hearing the evidence presented at trial regarding different types of "touching," and specifically R.S.'s testimony, the trial court erroneously found spitting on R.S.'s vagina to be sufficient to convict Mr. Bryant of one of the two counts of GSI. Although in *Bryant I*, this Court determined spitting does not constitute touching pursuant to R.C. 2907.01(B), it was still within the trial court's purview to listen to the evidence and decide which, if any, of Mr. Bryant's alleged conduct constituted sufficient evidence to convict him of GSI.

{¶28} The record is clear that, along with Mr. Bryant's GSI conviction for *spitting* on R.S.'s vagina which was overturned by this Court, Mr. Bryant was also *separately convicted* of one count of GSI for *touching* R.S.'s vagina, the sufficiency of which has not been challenged. Due to a trial error alone, as explained in *Bryant I*, the State may re-try Mr. Bryant on the sole remaining GSI count for touching R.S.'s vagina without violating double jeopardy.

{¶29} Accordingly, Mr. Bryant's third assignment of error is overruled.

III.

{¶30} For the foregoing reasons, Mr. Bryant's first, second, third and fourth assignments of error are overruled. Mr. Bryant's fifth assignment of error is dismissed. The judgment of the Wayne County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

 

 

BETTY SUTTON
FOR THE COURT

 

HENSAL, P. J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

R. ANDREW KINDER, Attorney at Law, for Appellant.

DANIEL R. LUTZ, Prosecuting Attorney, and ANDREA UHLER, Assistant Prosecuting Attorney, for Appellee.